IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,693






EX PARTE RODNEY REED









ON APPLICATION FOR WRIT OF HABEAS CORPUS

IN CAUSE NO. 8701-A IN THE 21ST JUDICIAL

DISTRICT COURT BASTROP COUNTY





 Per curiam. 



O R D E R



 This is a subsequent post conviction application for writ of habeas corpus filed
pursuant to the provisions of Texas Code of Criminal Procedure article 11.071 § 5.

 In May 1998, a Bastrop County jury convicted Applicant of the offense of capital
murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal
Procedure Article 37.071, and the trial court, accordingly, set Applicant's punishment at
death. This Court affirmed Applicant's conviction and sentence on direct appeal. Reed v.
State, No. AP-73,135 (Tex. Crim. App. Dec. 6, 2000) (not designated for publication). 

 On November 15, 1999, Applicant filed his initial post-conviction application for writ
of habeas corpus in the convicting court. This Court subsequently denied Applicant relief. 
Ex parte Reed, No. WR-50,961-01 (Tex. Crim. App. Feb. 13, 2002) (not designated for
publication). On February 8, 2001, Applicant filed a "Supplemental Claim for Relief on
Application for Writ of Habeas Corpus" in the convicting court. This Court construed the
filing as a subsequent application and dismissed it. Ex parte Reed, No. WR-50,961-02 (Tex.
Crim. App. Feb. 13, 2002) (not designated for publication). 

 Applicant's second subsequent writ application was received in this Court on June 15,
2005. We reviewed the application and found that Applicant's allegations raised under
Brady v. Maryland, 373 U.S. 83 (1963), regarding the Barnett and Keng affidavits and the
items submitted under seal satisfied the requirements of Article 11.071 § 5. Accordingly,
we remanded the application to the trial court for consideration of these claims with the
receipt of live, testimonial evidence.

 On July 5, 2006, this case was returned to this Court after remand. After reviewing
the case, we file and set and order the parties to brief the following issues:


 (1) Assuming, arguendo, that the trial court entered a finding of fact or
conclusion of law that has multiple sentences or phrases and that a
portion of the finding or conclusion is supported by the record, while
another portion is not, to what extent does this Court owe deference to
the trial court on such a finding or conclusion? May the Court
disregard the finding or conclusion in its entirety?



 (2) Assuming, arguendo, that numerous findings or conclusions, or parts
thereof, are not supported by the record, how should this affect the
level of deference to the findings and conclusions as a whole?


 (3) Applicant has included in a subsequent writ a free-standing claim of
actual innocence that we have previously rejected. The subsequent writ
also includes specific Brady claims. May this Court treat the
actual-innocence claim as a Schlup claim? If so, is the Schlup claim
sufficient to resurrect Brady claims from Applicant's prior writs that
would otherwise be procedurally barred and permit use of those claims
in determining whether Applicant is entitled to relief on his current
subsequent application?


 The parties are ordered to brief any relevant procedural aspects as well as the merits
of these issues. The parties' initial briefs shall be filed with this Court within 60 days of the
date of this order. Each party may also file a reply brief addressing any matter in the other
party's initial brief, and any such reply brief shall be filed with this Court no later than 90
days after the date of this order.

 IT IS SO ORDERED THIS THE 6TH DAY OF JUNE, 2007.

Do Not Publish